WILLIAM ROWLEY, JUNIOR, *vs:* JOSEPH NICHOLS, JUNIOR.

Under Pub. Stat. R. I. cap. 222, § 9, an officer who has charge of an execution issued by the Supreme Court or the Court of Common Pleas, may properly return it on the first day of the term to which it is returnable.

EXCEPTIONS to the Court of Common Pleas.

This was *scire facias* against the defendant as bail. One George D. Nichols was arrested February 14, 1880, on a writ issued in favor of the plaintiff from the Justice Court of the city of Providence, and the defendant became his bail. Final judgment on appeal was entered against George D. Nichols in the Court of Common Pleas, and execution issued July 19, 1880, returnable on the first Monday of December, 1880, which was December 6, and the first day of the December Term of that court for that year. This execution was returned December 6, 1880, unsatisfied, whereupon the plaintiff sued out a writ of *scire facias*, which was heard by the Court of Common Pleas as to both law and fact, jury trial being waived.

The court found as matter of fact, that George D. Nichols was not openly and at large in the city of Providence nor in the State of Rhode Island, and did avoid the service of the execution from the time of its issue to the day of its return, namely, December 6, 1880.

The court ruled as matter of law that the execution was returnable on the first day of the December Term A. D. 1880, and could not be served on or after that day; also, that whether George D. Nichols was or was not openly and at large in the State, &c., on December 6, was immaterial as the execution was then extinct, and could not be served on or after that day.

To these rulings the defendant excepted.

Pub. Stat. R. I. cap. 222, § 9 provide: " Every execution issued

by the Supreme Court or by the Court of Common Pleas shall, unless otherwise by law provided, be made returnable to the next succeeding term thereof, and shall be returned by the officer charged therewith within five days from the day appointed by law for the sitting of the court from whence it issued, and if such officer shall not return the same within that time, he shall be liable therefor as by law prescribed."

*October*, 13 1882. PER CURIAM. The record finds, as a matter of fact, that up to the time the execution was returned the defendant in it was avoiding service. It follows that the exceptions must be overruled unless the return was prematurely made ; for after due return the execution was *functus officio.* We think the return was valid. Under our statutes, executions issued by the Supreme Court or Court of Common Pleas are returnable at the next succeeding term, which means, as the forms prescribed show, that they are returnable on the first day of the term. It is true the officer is allowed five days longer, but in our opinion the allowance is for his convenience, and does not invalidate a return at the earliest moment. Pub. Stat. R. I. cap. 222, § 9. Here the return was made the first day until which, the record shows, the execution defendant was avoiding service.

*Exceptions overruled.*

*Adoniram J. Cushing*, for plaintiff.
*Simon S. Lapham*, for defendant.